TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0292-KB

KENTUCKY BAR ASSOCIATION                                             MOVANT


V.                              IN SUPREME COURT


JASON NICHOLAS MARTIN                                             RESPONDENT


## OPINION AND ORDER

This disciplinary case involving Jason Nicholas Martin came before the KBA Board of Governors as a default case pursuant to Supreme Court Rule (SCR) 3.210. Martin, KBA member number 88728, was admitted to the practice of law in the Commonwealth on May 1, 2001. His bar roster address is P.O. Box 162, Bryantsville, Kentucky 40410. Martin was indefinitely suspended from the practice of law on March 20, 2020, for violating SCR 3.165 by failing to respond to the instant KBA charge. *Kentucky Bar Association v. Martin,* 599 S.W.3d 438 (Ky. 2020).

The Board of Governors unanimously recommends Martin be found guilty of violating three Supreme Court Rules as charged in KBA File No. 18-DIS-0035. After considering a lack of prior discipline, presence of aggravating factors related to Martin's failure to participate in the disciplinary process, and no known applicable mitigating factors, the Board recommends Martin be publicly reprimanded and ordered to attend and complete the next scheduled

Ethics and Professionalism Enhancement Program (EPEP). The Board also recommends Martin be assessed $91.74, the total cost of this disciplinary proceeding. For the following reasons, we follow the Board's recommendations.

The pertinent factual and procedural history of this matter was set forth in detail in our previous Opinion and Order. Therefore, only a brief review of the history is required.

Martin was retained by Marquita Thompson to represent her in connection to the probate of her brother's estate. During the representation, Martin failed to ensure the estate was timely settled, did not file appropriate tax returns, and did not keep Thompson fully and accurately informed of the progress of the matter. Martin was able to negotiate with the Kentucky Department of Revenue to obtain a waiver of penalties and fees resulting from his failure to file the tax returns. After nearly four years, a final settlement was approved and the estate was closed.

Thereafter, a three-count charge was issued by the Inquiry Commission alleging Martin violated SCR 3.130(1.1) for failure to provide competent representation, SCR 3.130(1.3) for lack of diligence and SCR 3.130(8.1)(b) for failure to respond to a lawful demand for information from a disciplinary authority. Martin did not respond. That failure ultimately resulted in our March 26, 2020, Opinion and Order suspending him indefinitely. Upon consideration, the Board of Governors unanimously agreed Martin was guilty of the alleged violations and recommended he receive a public reprimand, attend and successfully complete the next scheduled EPEP and pay the costs of the disciplinary proceedings.

2

Martin made no request pursuant to SCR 3.370(7) that this Court review the Board's recommendation, and this Court declines to undertake such review. Consequently, pursuant to SCR 3.370(9), this Court adopts the recommendation of the Board of Governors. In so doing, we note Martin's failure to respond to the disciplinary proceedings is obviously concerning. However, his unethical actions did not result in harm or prejudice to the estate or client; although untimely, he completed the matters for which he was hired; and Martin has no prior discipline since his admission to practice law in 2001.

It is therefore ORDERED:

1. Jason Nicholas Martin is publicly reprimanded for his conduct.

2. Martin shall attend, at his expense, and successfully complete the next scheduled EPEP offered by the Office of Bar Counsel (OBC).

3. Martin will not apply for Continuing Legal Education (CLE) credit of any kind for his attendance at EPEP. Moreover, Martin will furnish a release and waiver to the OBC to review his records of the CLE Department that might otherwise be confidential, such release to continue in effect until after he completes remedial education so OBC may verify he has not reported any hours to the CLE Commission taken as remedial education.

4. The period of indefinite suspension imposed in this Court's March 26, 2020, Opinion and Order shall expire upon entry of this Opinion and Order, and Martin shall be reinstated to the practice of law in this Commonwealth.

5. Pursuant to SCR 3.450, Martin is directed to pay all costs associated with this disciplinary proceeding against him, in the amount of $91.74.

All sitting.  All concur.

ENTERED:  December 17, 2020.

_____
CHIEF JUSTICE